### In re GENERAL TELEPHONE COMPANY OF FLORIDA.
### No. 5756-TP.

Railroad & Public Utilities Commission.

January 12, 1960.

John J. Duffy, Clearwater, for complainant.

Hugh C. Macfarlane, Tampa, for General Telephone Company of Florida.

Chairman JERRY W. CARTER, Commissioners WILBUR C. KING and EDWIN L. MASON participated in the disposition of this matter.

BY THE COMMISSION.

The commission heard oral argument by counsel for the parties on the telephone company's motion to dismiss the complaint in the commission hearing room, Whitfield Bldg., Tallahassee, on October 22, 1959.

Complainant Avery W. Gilkerson is the clerk of the circuit court of Pinellas County, and is a subscriber to the telephone service of General Telephone Company of Florida at both his office and home.

The telephone company is engaged in the business of furnishing telephone service to subscribers in a portion of the state, including Pinellas County, under a certificate of public convenience and necessity issued by this commission.

This cause is pending on a motion filed by the telephone company to dismiss the complaint. The complaint in substance charges that the company requires complainant and other subscribers to rent equipment for extension telephone instruments, cords and other apparatus, and refuses to permit complainant and other subscribers to purchase telephone instruments, cords and other apparatus necessary to convenient, modern telephone usage, and that the company's rental charges for extension instruments, cords and other apparatus are unreasonable, unjust and exorbitant.

Complainant prays that this commission require and order the company to sell to complainant and its other subscribers telephone instruments for extension lines, cords and other apparatus at reasonable prices, that the commission order the company to cease and desist from compelling complainant and other subscribers to rent equipment, and to cease and desist from preventing complainant and other subscribers from installing equipment of their own.

After due consideration of the complaint, the motion to dismiss and oral argument thereon, it is the finding of the commission that the motion should be granted.

The business of a telephone company is that of furnishing telephone service to its subscribers and not the sale of equipment. It is questionable whether this commission would have the power under provisions of chapter 364, Florida Statutes 1957 — the statute governing its jurisdiction over telephone companies — to require a telephone company to sell its equipment against its will.

The requested relief is predicated on complainant's allegation that the company's rates and charges are excessive. The rates and charges alleged to be excessive, however, are those which have

heretofore been fixed by this commission in an overall rate adjustment proceeding covering the company's entire system (docket #5509-TP). Complainant was a party to that proceeding.

The complaint assumes that the only factor considered by the commission in fixing rates and charges for extension instruments, cords and other apparatus is the cost to the company of such equipment. Such, however, is not the case — this equipment to be useful to a subscriber must be attached to the lines and system of the telephone company.

A telephone utility is entitled to revenues which will cover its operating expenses and provide a reasonable return on its property used and useful in furnishing service to the public. Individual rates and charges of a telephone company are fixed and adjusted by the commission in such manner as to provide the required amount of revenue which the utility has been found to be entitled to receive.

To require the relief sought by complainant would not only force the utility to furnish service to a system of subscriber-owned instruments over which it would have no control as to maintenance and quality of service but it would completely upset the rate structure of the company and require an entire re-assessment of rates and charges for all classes and categories of service.

The commission has recently considered all the various factors which go into rate-making in its approval of a general increase in rates for the defendant company. Complainant, as stated above, was a party to that proceeding. The Supreme Court reviewed and sustained the commission's order in that proceeding, General Telephone Company of Florida v. Carter, 115 So. 2d 554. The complainant was a party to the certiorari proceedings in the Supreme Court, supported the commission's order in that proceeding.

The motion to dismiss is granted, and the complaint is dismissed.